IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN STALLBAUMER, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 5:22-cv-4031-HLT |
| | ) |
| NEXTERA ENERGY RESOURCES LLC, | ) |
| *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

**MEMORANDUM AND ORDER**

Plaintiff Justin Stallbaumer ("Stallbaumer") filed this action on May 19, 2022, arising out of the construction of industrial wind turbines in Nemaha County, Kansas that Stallbaumer alleges were erected too close to his property line. Stallbaumer's original complaint alleged claims of nuisance, inverse condemnation, and civil conspiracy on behalf of himself and a similarly situated class against various corporate entities affiliated with NextEra Energy Resources that were involved in the construction of the Soldier Creek wind project in Nemaha County. (ECF 1.)

On July 25, 2022, the district judge issued orders on motions to dismiss in two companion cases to this case alleging similar facts and legal claims. (*Renne v. NextEra Energy, Inc. et al.*, Case No. 21-4032, ECF 56; *Bloom v. NextEra Energy, Inc. et al.*, Case No. 21-4058, ECF 63.) In those other cases, the court dismissed the plaintiffs' claims against all but one of the NextEra defendants for failure to state a claim upon which relief can be granted because the complaints did not plausibly allege that any of them are the owners or operators of the Soldier Creek wind project in Nemaha County. In both orders, the district court noted "it is undisputed" that only defendant Soldier Creek Wind LLC ("Soldier Creek") is the actual owner and operator of the wind-turbine project in Nemaha County (*Renne*, ECF 56, at 12; *Bloom*, ECF 63, at 12), and the plaintiffs had

not shown how the other NextEra defendants could be liable under an alter ego theory, why piercing the corporate veil was necessary, or that defendants were liable under joint and several liability, joint venture or common enterprise, or direct liability. (*Renne*, ECF 56, at 13-18; *Bloom*, ECF 63, at 12-17.) The court also struck the putative class claim in *Renne* and dismissed all plaintiffs' claims for inverse condemnation in both cases. (*Renne*, ECF 56, at 19-27; *Bloom*, ECF 63, at 20-23.)

Within a month of this dismissal order in the companion cases, Stallbaumer filed an amended complaint in this case. The amended complaint continued to allege nuisance, civil conspiracy, and class claims, but dropped the inverse condemnation claim and added a civil RICO claim. (ECF 5.) Stallbaumer's amended complaint also dropped most of the NextEra defendants but continued to name NextEra Energy Resources, LLC ("NEER"), NextEra Energy Project Management LLC ("NEPM"), and Soldier Creek. (*Id.*) On November 14, the three named defendants filed a motion to dismiss the amended complaint. (ECF 13.)

On December 12, the court held a scheduling conference and issued a Phase I scheduling order, which set only a few initial deadlines relating to the submission of a protective order, settlement, and mediation. (ECF 17, 18.) The Phase I scheduling order directed the parties to meet and confer and submit another proposed scheduling order within 14 days after the district judge ruled on the pending motion to dismiss. (ECF 18.) On May 17, 2023, the district judge granted in part and denied in part defendants' motion to dismiss. (ECF 40.) The district judge dismissed all claims against NEER and NEPM for failure to state a claim, and dismissed the RICO, civil conspiracy, and class claims against Soldier Creek, leaving only a claim for nuisance against Soldier Creek. (ECF 40.)

After prompting the parties for a proposed scheduling order (ECF 42), the court issued a Phase II scheduling order on June 14 that set a deadline of June 30, 2023 to file any motions to amend the pleadings. (ECF 43, at 2, 4.) Stallbaumer attempted to timely file a motion to amend his pleading on June 30, but the court struck his filings on July 3 because they violated the protective order and D. Kan. Rule 5.4.2. (ECF 46-48.) The court directed Stallbaumer to comply with Paragraph 7 of the protective order and D. Kan. Rule 5.4.2 before re-filing. (ECF 48.) Stallbaumer complied and filed the current motion to amend that same day, seeking to re-add nuisance claims against NEER and NEPM. (ECF 49.) For the reasons discussed herein, the court denies Stallbaumer's current motion to amend based on undue delay and futility.

I.  ANALYSIS

Where, as here, the scheduling order deadline for a motion to amend the pleadings has expired, the party seeking leave to amend must (1) demonstrate good cause for modifying the scheduling order under FED. R. CIV. P. 16(b)(4), and (2) satisfy the standards for amendment under FED. R. CIV. P 15(a). *Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Whether to grant a motion to amend is within the court's sound discretion. *Gorsuch*, 771 F.3d at 1240.

   A.   **Stallbaumer Has Shown Good Cause Under Rule 16.**

"Rule 16(b)(4) is arguably more stringent than Rule 15." *Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1019 (10th Cir. 2018). It provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To establish good cause, the moving party must show that it could not have met the motion to amend deadline despite "diligent efforts." *Seale*, 32 F.4th at 1030. Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred."

3

*Gorsuch*, 771 F.3d at 1240.  On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id.*  If a moving party fails to demonstrate good cause, the court may deny the motion on this basis alone.  *See Gorsuch*, 771 F.3d at 1242 (declining to consider Rule 15(a) when there was not good cause under Rule 16(b)); *see also Husky Ventures*, 911 F.3d at 1019 (affirming district court's denial of a motion to amend for lack of good cause).

Stallbaumer acknowledges that "[t]his motion is being filed after the date in the Scheduling Order for amending." (ECF 49, at 2 n.3.)  Although Stallbaumer's current motion to amend was technically filed beyond the amendment deadline, he originally filed a motion to amend on June 30 but the court struck that filing on July 3, and directed Stallbaumer to correct his filing to comply with the protective order and the local rules and refile it.  Stallbaumer then acted diligently to make those corrections and refile his motion to amend that same day.  So the court finds that Stallbaumer was diligent in moving to amend by the amendment deadline.

**B.      Stallbaumer Does Not Meet the Rule 15(a) Standards for Leave to Amend.**

Although Stallbaumer met the good-case standard under Rule 16, he does not meet the Rule 15(a) standards for leave to amend.  When a party can no longer amend its pleading as a matter of course under Rule 15(a)(1), amendment is allowed "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2).  "The court should freely give leave when justice so requires." *Id.*  A court may only withhold leave to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *U.S. ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir. 2009) (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4

Here, Stallbaumer's motion does not meet Rule 15(a) standards because he unduly delayed in moving to amend and because his amendment is futile. The undue delay analysis begins by examining the reasons for delay. *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)). Here, Stallbaumer has no adequate explanation for his delay in seeking amendment. *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993) (denial of leave to amend is appropriate where the party seeking amendment "has no adequate explanation for the delay"). Discovery opened no later than November 21. (*See* ECF 10 (setting November 21 deadline for Rule 26(f) conference).) The court's orders on October 31 and November 8, 2022, denying motions to amend in the companion cases put Stallbaumer on notice of the shortcomings in his own pleadings with respect to his claims against NEER and NEPM. Defendants filed a motion to dismiss the amended complaint on November 14 that pointed to the court's orders in the companion cases. (ECF 13-14.) So Stallbaumer had the benefit of these two very clear orders regarding the deficiencies in the allegations against NEER and NEPM, and the benefit of nearly eight months to conduct discovery prior to the June 30 amendment deadline to shore up his case against those two entities. But Stallbaumer did not move to amend his complaint until the last possible day.

Furthermore, Stallbaumer became aware of what he calls "new evidence" in April 2023. (ECF 49, at 2, n.3; ECF 49-8.) Stallbaumer is referencing statements made by a NEER project manager during a Jackson County, Kansas commissioners' meeting in April 2023, which an attendee at the meeting recorded. (ECF 49-8.) That attendee provided a copy of the audio recording to Stallbaumer's counsel as well as a signed declaration dated April 26, 2023, quoting certain portions of the recorded meeting. (*Id.*) Stallbaumer contends that "the definitive nature of the new evidence is compelling and should be allowed adjudication on the merits." (ECF 49, at 2

5

n.3.) Yet Stallbaumer did not move to amend his complaint in April when the "new evidence" came to light. Instead, he waited until after the court issued its order on defendants' motion to dismiss on May 17. (ECF 40.) And even then, he waited another one and half months after the order of dismissal—on the very last day allowed under the scheduling order—to file his motion to amend. Stallbaumer offers no excuse for this lengthy delay. Thus, the court denies Stallbaumer's motion based on his undue delay in filing his motion to amend.

Stallbaumer's proposed amended pleading is also futile. "A proposed amendment is futile if the [pleading], as amended, would be subject to dismissal." *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Inv'r's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). In analyzing whether dismissal is appropriate, the court must "accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff." *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). However, the court disregards conclusory statements and looks only "to whether the remaining factual allegations plausibly suggest the defendant is liable." *Tavernaro v. Pioneer Credit Recovery, Inc.*, 43 F.4th 1062, 1067 (10th Cir. 2022). Here, Renne's amended pleading still does not plead facts plausibly suggesting that NEER and NEPM are the owners or operators of the wind turbines about which he complains, nor has he pleaded facts showing a basis for joint and several liability, a joint venture or common enterprise, or direct liability for Stallbaumer's nuisance claim.

In arguing that his amendment is not futile, Stallbaumer points the court to a NEER project manager's testimony at a county commissioners' meeting in a different Kansas county concerning a different potential wind project. (ECF 49-8.) Stallbaumer contends that this testimony shows that NEER owns and operates the Soldier Creek wind project. But the project manager's testimony, which Stallbaumer asserts is "new evidence" that supports his proposed new claims,

does not directly address the Soldier Creek wind project in Nemaha County. (*Id*.) Nor does it raise any reasonable inference that an entity other than Soldier Creek owns and operates the wind farm at issue in this case.

Stallbaumer also asserts that this new evidence led NEER and NEPM to withdraw arguments concerning the court's personal jurisdiction over them at the motion to dismiss stage in this case. However, that withdrawal was not an admission that NEER and NEPM are the owners and operators of the wind farm. To the contrary, NEER and NEPM specifically stated that "[i]n withdrawing their personal jurisdiction arguments, NEER and NEPM do not withdraw or waive and continue to maintain their arguments that Plaintiff's claims against them should be dismissed under Rule 12(b)(6)" because they are not the owner or operator of the project. (ECF 39, at 2.) The district judge agreed and dismissed all claims against NEER and NEPM under Rule 12(b)(6), observing that "whether NEER or NEPM have sufficient minimum contacts with Kansas to establish personal jurisdiction is a separate question from whether Plaintiff can sustain a nuisance claim against an entity based on an alleged nuisance that is neither owned nor operated by that entity." (ECF 40, at 9-10.) So the district judge was aware of this "new evidence" and still dismissed all claims against NEER and NEPM.

Here, Stallbaumer has simply repeated his prior arguments for why he should be allowed to assert claims against NEER and NEPM. But the only remaining claim in the case is a nuisance claim. Thus, only the owner and operator of the nuisance can be held liable for the damages resulting from the nuisance. Nowhere does the proposed second amended complaint allege or provide facts from which it could reasonably be inferred that NEER or NEPM currently own or operate the wind farm project so as to impose nuisance liability on them. Nor do the facts alleged in the proposed second amended complaint plausibly show the existence of a joint venture or joint

7

enterprise, such that they could be liable under theories of alter ego, joint and several liability, and/or joint venture or common enterprise. For the same reasons the court dismissed the claims against NEER and NEPM in this case and the companion cases, the court finds that Stallbaumer's proposed second amended complaint does not assert plausible nuisance claims against NEER and NEPM. Therefore, Stallbaumer's proposed amendment is futile and his motion to amend is denied on this basis as well.

**IT IS THEREFORE ORDERED** that Stallbaumer's Motion for Leave to Amend Complaint (ECF 49) is denied.

**IT IS SO ORDERED.**

Dated July 31, 2023, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
